THE STATE OF NEW JERSEY, EX REL. WM. ECKELMANN, INC., A BODY CORPORATE, RELATOR, v. HAROLD J. JONES, RESPONDENT.

Argued January 21, 1948—Decided May 29, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the relator, *William V. Breslin.*

For the respondent, *Joseph H. Gaudielle (James A. Major,* of counsel).

PER CURIAM.

We are of the view that sufficient has been shown to warrant the issuance, under *R. S.* 2:84–1, of an information in the nature of a writ of *quo warranto* to determine respondent's title to the office of patrolman in the police department of the Village of Ridgefield Park.

Ridgefield Park is a commission-governed municipality. *R. S.* 40:70–1. Presumably, it has not adopted the Civil Service Act. On June 16th, 1944, the Director of Public Safety advised respondent, by letter, of his appointment as "a special policeman, as prescribed by *R. S.* 40:47–19." The letter also contained these statements: "It is an express condition of your appointment that you are not by virtue of your employment to become a member of the Police Department of the Village of Ridgefield Park, and you have and will have no rights, claims or interests therein, or to any of the benefits, pensions or other rights to which members of the Police Department are entitled under" the ordinance which established the department or state law. Further, "Your services may be terminated by the Director of the Department of Public Safety and Finance at any time without notice and with-

out cause or hearing." Respondent appended to the letter, over his signature, an acceptance of "the foregoing employment, subject to the terms and condition as set forth above." Section 40:47–19 authorizes the appointment of "special policemen for a term not exceeding one year," subject to revocation "without cause or hearing." The act specifically provides that such appointees "shall not be members of the police force."

In the Fall of 1946, in accordance with local custom, the Director of Public Safety himself conducted a competitive examination for the office of patrolman, open to persons between the ages of 21 and 30 years, with 35 years the maximum age for war veterans. Respondent was rated first on the examination; and on March 28th, 1947, he was appointed a patrolman. But he was then 33 years old, and he is not a war veteran. *Vide* chapter 98 of the laws of 1944 (*Pamph. L., p.* 253), as amended by chapter 206 of the laws of 1946 (*Pamph. L., p.* 803) ; *N. J. S. A.* 38:23A–2. *R. S.* 40:47–4, as amended by chapter 219 of the laws of 1945 (*Pamph. L., p.* 724), prohibits the appointment to the police force of any municipality of a person who is less than 21 or more than 30 years of age.

The contention now made is that the letter of June 16th, 1944, was "a mere device" to conceal what in fact was "an out and out appointment" of respondent "conditioned only upon his passing the competitive examination," and therefore the age-limitation provision of section 40:47–4, cited *supra,* has no application.

The mere recital of the circumstances demonstrates the need for a judicial inquiry to determine whether respondent has title to the office which he possesses. There is the suggestion of an evasion of the law which warrants the issuance of the writ sought.

The rule to show cause is made absolute; costs to abide the event.